IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM ANDERSON (#R-22868),     )
     )
     Plaintiff,     )
     )
     v.     )     No. 09 C 6765
     )
     )     Judge Rebecca R. Pallmeyer
MIKE KELLY and DAN GALLAGHER,     )
     )
     Defendants.     )

## MEMORANDUM OPINION AND ORDER

Plaintiff William Anderson (hereinafter "Plaintiff"), brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on November 27, 2007, City of Chicago Police Detectives Mike Kelly and Dan Gallagher[1] violated his Fourth Amendment rights when he was arrested. Defendants have moved for summary judgment and Plaintiff has responded. For the reasons explained below, Defendants' motion is granted and Plaintiff's motion in opposition is denied.[2]

## BACKGROUND

The following facts are drawn from the pleadings and the Defendants' Local Rule 56.1 submission. On November 18, 2007, Derrick Smith was shot and killed in the hallway of a Chicago Housing Authority residence located at 1936 W. Washington Boulevard. (Defs.' 56.1(a)(3) [42] ¶ 2.) The victim and his twin brother, Erick Smith, were confronted in the hallway on the first floor of the building by two men later identified as Plaintiff and Bennie Casey (also known as "Little B"). (Tr. of Test. of Erick Smith, Ex. B to Defs.' Mot. for Summ. J. [40], at 78-

---

[1]     Plaintiff named this Defendant as Gallenger; the court has corrected the spelling.

[2]     In this opinion the court rules exclusively on Plaintiff's claim of false arrest. On February 4, 2013, the court granted judgment in favor of Defendants on Plaintiff's Fourth Amendment challenge to a search conducted at the time of his arrest. The court declined to rule on Plaintiff's false arrest claim because an appeal from the criminal conviction was pending in state court at that time. *See Younger v. Harris*, 401 U.S. 37, 53 (1971). As Plaintiff has now exhausted his state court appeals, the court lifted the stay of this case on November 14, 2014.

82.)  Bennie Casey pointed a gun at Erick Smith and ordered him out of the building.  (*Id.*)  Erick exited the building and realized his brother Derrick was no longer with him.  (*Id.* at 82-83.)  Erick reentered the building and saw Bennie Casey shoot his brother.  (*Id.* at 83-85.)

City of Chicago Police Homicide Detectives Mike Kelly and Dan Gallagher (collectively "Defendants") investigated the shooting.  (Defs.' 56.1(a)(3) ¶ 1.)  Though Erick Smith had witnessed the shooting, he told officers that he did not know the identity of the two men involved.  (Defs.' 56.1(a)(3) ¶¶ 2-3; Tr. of Test. of Erick Smith at 150.)  Erick Smith told Detective Kelly that Nina Boyd and a woman nicknamed "Turk," whom Defendants later identified as Tongula Ayers, might have information about his brother's murder.  (Defs.' 56.1(a)(3) ¶ 3.)  Detective Kelly spoke with Ms. Boyd, who told him—based on a description of the individuals provided by Erick Smith—that she believed she knew the two men involved in the murder.  (*Id.* ¶ 4.)  Ms. Boyd told Detective Kelly that she believed the two men were William Anderson and a man known by the nickname "Little B." (*Id.*)

Detective Kelly ran a search through the Chicago Police Department data warehouse for photographs of men named William Anderson.  (*Id.* ¶ 5.)  Detective Kelly showed the photographs to Ms. Boyd, and she identified Plaintiff as the William Anderson she believed matched the description of one of the two men involved in the murder of Derrick Smith.  (*Id.*)  Witnesses Erick Smith, Tongula Ayers, and Shanice Wright all later identified Plaintiff in photo arrays.  (*Id.* ¶ 6.)

Plaintiff was released from Stateville Correctional Center on July 19, 2007.  At the time of Derrick Smith's murder, and the subsequent arrest Plaintiff now challenges, Plaintiff was on parole under the terms of a mandatory supervised release agreement ("MSR").  (Aff. of Parol Agent Charles Victor (hereinafter "Victor Aff."), Ex. C to Defs.' Mot. for Summ. J., ¶ 2; see MSR, Ex. C-2 to Defs.' Mot. For Summ. J.)  Under the terms of his MSR agreement, Plaintiff consented to the search of his person, property, and residence, and he was required to submit to in-person visits from his parole agent.  (MSR ¶¶ 4, 10.)

On November 22, 2007, Detective Gallagher contacted Plaintiff's parole agent, Charles Victor, and advised Agent Victor that Plaintiff had been identified as involved in the murder of Derrick Smith. (Victor Aff. ¶ 4.) On November 27, 2007, Agent Victor notified Detective Gallagher that he had a monthly house check with Plaintiff scheduled later that day. (*Id.* ¶ 5.) Defendants met Agent Victor at Plaintiff's residence. (*Id.* ¶¶ 6-7.) Defendants did not have a warrant for Plaintiff's arrest or to search his residence, but when Plaintiff answered Agent Victor's knock on the door, Defendants placed Plaintiff under arrest for his alleged involvement in Derrick Smith's murder. (Defs.' Answer [39] ¶¶ 2, 4; Victor Aff. ¶ 7; see Parole Violation Report, Ex. C-1 to Defs.' Mot. for Summ. J.) Plaintiff claims that Defendants searched his residence. (Pl.'s Compl. [1], at 4.) Defendants deny this (Defs.' Answer ¶¶ 3-4), and Agent Victor confirmed that although he searched Plaintiff's bedroom pursuant to the terms of the MSR agreement, Defendants did not participate in any search of the residence. (Victor Aff. ¶ 10.) Agent Victor did not discover anything during his search. (*Id.* ¶ 9.)

In subsequent in-person line-ups, witnesses Smith, Ayers, and Wright identified Plaintiff as being involved in Derrick Smith's murder. (Defs.' 56.1(a)(3) ¶ 11.) Thereafter, Plaintiff was charged with first-degree murder, pursuant to 720 ILCS 5/9-1(a)(1). (See Certified Statement of Conviction/Disposition (hereinafter "Statement of Disposition"), Ex. D to Defs' Mot. for Summ. J.)

On October 26, 2009, Plaintiff filed the complaint in this case, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fourth Amendment rights when he was arrested and his residence searched on November 27, 2007, without a warrant. (See Pl.'s Compl.) Plaintiff was convicted on May 19, 2010; Plaintiff has completed one full round of state court appeals and his conviction has been affirmed. *See People v. Anderson,* 2013 IL App (1st) 102852-U, 2013 Ill. App. Unpub. LEXIS 2584 (2013); *People v. Anderson*, 380 Ill. Dec. 507 (May 28, 2014) (petition for leave to appeal denied).

**DISCUSSION**

The standards that govern this motion are familiar. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). In considering a motion for summary judgment, this court construes the facts and draws all reasonable inferences in favor of the non-movant, *Jajeh*, 678 F.3d at 566, but where the moving party demonstrates the absence of a disputed issue of material fact, the non-moving party bears the burden of presenting "evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010).

Consistent with this court's local rules, in support of their motion, Defendants filed a Local Rule 56.1(a)(3) Statement of Material Facts [42], citing evidentiary material in support of each statement. Defendant also filed and served the appropriate notice to *pro se* litigants [43], explaining the requirements of Local Rule 56.1.[3] Though notified of the requirements, Plaintiff did not submit a Local Rule 56.1(b)(3)(C) statement of additional facts, responded to only four of Defendants' L.R. 56.1 statements of fact, and cited to portions of the record in support of his denials of Defendant's statements in only three of the four responses.[4] Plaintiff also submitted a motion opposing entry of summary judgment [81] and a memorandum in support.

Although *pro se* plaintiffs are entitled to lenience, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled

---

[3]     The Clerk of Court sent Plaintiff another copy of the L.R. 56.2 notice when the court renewed the motion for summary judgment on November 25, 2014.

[4]     Plaintiff cites to exhibits for his responses to Defendants' L.R. 56.1 statements of fact 1 through 3. In none of the responses, however, does Plaintiff clearly deny the fact presented. He objects to 3 and 4, but in none of his responses does he effectively create a material question of fact. Plaintiff does not respond to Defendants' statements of fact 5 through 14.

litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.). To the extent Plaintiff failed to respond to Defendants' L.R. 56.1 statements of fact with references to the record properly in support of denial, the statements are deemed admitted. Notwithstanding these admissions, the court construes Plaintiff's submissions, and the record evidence, in the light most favorable to him.

It is well settled that the existence of probable cause to arrest precludes a § 1983 suit for false arrest. *See, e.g., Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). Probable cause exists where the facts and circumstances known to the officer are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed. *U.S. v. Faison*, 195 F.3d 890, 893 (7th Cir. 1999); *see also Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011) (probable cause is an absolute defense to a Fourth Amendment claim of false arrest).

The evidence here confirms that in the course of the investigation of Derrick Smith's murder, using a photo array including a photograph of Plaintiff, Defendants procured three witness statements identifying Plaintiff as being involved in the murder. Generally, once a credible eyewitness identifies a suspect, the officer has probable cause to arrest him. *See, e.g., Beauchamp v. City of Noblesville,* 320 F.3d 733, 743 (7th Cir. 2003); *Woods v. City of Chicago*, 234 F.3d 979, 996-97 (7th Cir. 2000); *Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998); *see also United States v. Daniels*, 64 F.3d 311, 314 (7th Cir. 1995) (probable cause established where two unnamed witnesses identified suspect in a photo array). And while an unduly suggestive photographic array cannot be used to establish probable cause, *see Phillips v. Allen*, 743 F. Supp. 2d 931, 941 (N.D. Ill. 2010), Plaintiff does not argue that the array in this case was overly suggestive, thus abandoning the issue, *see Beauchamp*, 320 F.3d at 742; *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

Plaintiff argues that Informant Nina Boyd did not know him, could not have had information about him, and did not identify Plaintiff in the photo array. He has not supported those assertions with any evidence, however, and therefore has not established a dispute of material fact. Even assuming that Boyd's identification is suspect, the court notes that Plaintiff was identified by three other witnesses (Erick Smith, Tongula Ayers, and Shanice Wright) in the photo array. The three independent identifications via photo array established probable cause, and the record supports a finding that Defendants are entitled to judgment on the false arrest claim. *Daniels*, 64 F.3d at 314.

Defendants have made two additional arguments: First, they contend that the false arrest claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This argument was raised for the first time in Defendants' reply memorandum, however, and the court declines to address it, beyond observing that because a false arrest claim need not imply the invalidity of a later conviction, many Fourth Amendment challenges to an arrest may proceed even where the plaintiff has been convicted. *See, e.g., Easterling v. Moeller*, 334 F. App'x 22, 23 (7th Cir. 2009) (case citations omitted). Defendants also urge that they are entitled to qualified immunity. As Plaintiff has not established a violation of his rights, however, the court need not address this argument, either.

<u>**CONCLUSION**</u>

Defendants' motion for summary judgment [40] is granted and Plaintiff's motion in response to the motion for summary judgment [81] is denied. The Clerk is directed to enter judgment in favor of Defendants pursuant to FED. R. CIV. P. 56. All of Plaintiffs' claims have now been resolved, and this ruling is final and appealable.

ENTER:

Dated:      March 2, 2015

REBECCA R. PALLMEYER
United States District Judge